UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SARAH E. SPIERS,<br>　　PLAINTIFF, | )<br>)　CASE #:3:24-CV-174<br>) |
| v. | )<br>) |
| Whiteford, Taylor & Preston, LLP<br>　　DEFENDANT. | )<br>)<br>)　JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendant, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Sarah E. Spiers, an individual property owner, against Defendant, Whiteford, Taylor & Preston, LLP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Sarah E. Spiers ("Plaintiff" or "Spiers"), is a natural person and resides in Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Whiteford, Taylor & Preston, LLP ("Whiteford"), is a Maryland general partnership, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 7 St. Paul St. Suite 1500, Baltimore, MD 21202, and is registered to do business in Virginia with the State Corporation Commission.

9. Whiteford can be served at its registered agent, Resagent, Inc, 3190 Fairview Park Dr. Suite 800, Falls Church, VA 22042.

10. The principal business of Whiteford is the collection of debts.

11. Whiteford regularly attempts to collect consumer debts alleged due to another.

12. Whiteford is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

13. Plaintiff incurred a debt with Twin Hickory Homeowners' Association, Inc., a nonstock Virginia corporation (not a party to this case) for homeowners' association dues for 940 Jamerson Lane, Glen Allen VA 23059 (the "Property") and personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

14. Upon information and belief, Twin Hickory Homeowners' Association (The "HOA") hired Whiteford to collect the debt.

15. Plaintiff did not pay the homeowners' association dues on the Property for year 2021 and a portion of 2020 because she disputed the amount due and because the HOA misapplied her payments to illegal fees.

16. The dues for 2020 and 2021 were $880 a year payable in quarterly installments. Plaintiff owed $1,320.00 to Twin Hickory Homeowners' Association for the dues for these years.

17. On September 11, 2023, Whiteford filed a lawsuit in Henrico General District Court alleging that the amount due was $1,555.00 plus attorney fees and costs, when in fact, the proper amount was $1,320.00, and Plaintiff had offered to pay the proper amount due.

18. Whiteford knew Spiers' home address because they had corresponded with her at that address.

19. Whiteford had the lawsuit served on the address of Spiers and also on another address where another person was living.

20. The service of the state court lawsuit on the residence of another person was embarrassing and upsetting to Spiers.

21. Spiers appeared in state court and explained that she owed a lesser sum than the amount sued for. The judge ordered Whiteford on behalf of the HOA to file and serve a "Bill of Particulars" and Spiers file and serve a "Grounds of Defense" in the state court proceeding.

22. Whiteford served the Bill of Particulars on the residence and on another address, where another person was living.

23. The service of the Bill of Particulars on the residence of another person was embarrassing and upsetting to Spiers.

24. Plaintiff had to hire defense counsel to respond to the lawsuit and incurred damages in the amount of $2,000.00.

25. The unnecessary need to hire defense counsel was upsetting and stressful.

26. After defense counsel was engaged, Whiteford acknowledged that the proper amount of the debt was $1,320.00, and agreed to accept this amount, plus the 2024 assessments plus attorney fees of $464.00 and costs to dismiss the case.

27. Plaintiff agreed and paid.

28. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants, in addition to being subjected to illegal fees, improper crediting of payments, and other actual or risked out of pocket damages.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

29. Plaintiff restates and re-alleges all previous paragraphs herein.

30. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692b[2] in that it contacted a 3rd party and disclosed that plaintiff owed a debt.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692b[3] in that it contacted a 3rd party more than once in an effort to collect a debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692c[b] in that it communicated with someone other than a permissible person in an effort to collect the debt.

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692d in that it used conduct, the natural consequences of which is to harass, abuse or oppress plaintiff by

        i. Serving court documents at an address where someone other than the plaintiff lived; and

        ii. Suing in state court for an amount that the defendant knew or should have known was more than the amount due.

    e. Defendant has violated the FDCPA 15 U.S.C. § 1692[

    f. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

    g. Defendant has violated the FDCPA 15 U.S.C. § 1692e(10), in that it made false representations, in the collection of a consumer debt.

    h. Defendant has violated the FDCPA 15 U.S.C. § 1692f(1), in that it charged fees and amounts not due under the contract or permitted by law.

    i. Defendant has violated the FDCPA 15 U.S.C. § 1692f(1), in that it misapplied or failed to apply payments made to the account.

31. Plaintiff is entitled to statutory damages, actual damages, attorney fees and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on her behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees and costs.

**SARAH E SPIERS**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 phone
804.823.2565 fax