IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SARAH E. SPIERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:24-cv-00174-REP |
| | ) |
| WHITEFORD, TAYLOR & PRESTON, LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER OF WHITEFORD, TAYLOR & PRESTON, LLP TO COMPLAINT

Whiteford, Taylor & Preston, LLP (the "Defendant"), through counsel, states as follows for its Answer to the Complaint (the "Complaint") filed by Plaintiff Sarah E. Spiers (the "Plaintiff") in the above-captioned case.

## PRELIMINARY STATEMENT

The allegations in Plaintiff's Preliminary Statement call for legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

## JURISDICTION, VENUE, and JURY DEMAND

1. Defendant admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2. The allegations in Paragraph 2 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 of the Complaint is a demand for a jury trial to which no response is required.

## PARTIES

6. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

7. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint calls for legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the same and demands strict proof thereof.

## FACTS

13. Defendant admits that Plaintiff incurred a debt with Twin Hickory Homeowners' Association, Inc. (the "HOA") for homeowners' association dues for 940 Jamerson Lane, Glen Allen, Virginia 23059 (the "Property"). The remaining allegations in Paragraph 13 of Plaintiff's Complaint call for legal conclusions to which no response is required; to the extent a response is required, the Defendant denies the same and demands strict proof thereof.

14. Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

16. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

17. Defendant admits it filed a Warrant in Debt against the Plaintiff on September 11, 2023 in the Henrico General District Court in the amount of $1,555.00 plus attorney's fees and costs (the "Lawsuit"). Defendant denies all other allegations in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendant admits that it had the Lawsuit served at the two addresses for residences governed by the HOA that were owned by the Plaintiff, as both addresses were the Plaintiffs' addresses of record with the HOA. Defendant lacks sufficient information to admit or deny all other allegations in Paragraph 19 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

20. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

21. Defendant admits that on October 30, 2023, the Henrico General District Court ordered pleadings to be filed by both parties to the Lawsuit.  Defendant lacks sufficient information to admit or deny all other allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

22. Defendant admits that it mailed it's the Bill of Particulars in the Lawsuit to the two addresses for residences governed by the HOA that were owned by the Plaintiff, as both addresses were the Plaintiffs' addresses of record with the HOA. Defendant lacks sufficient information to admit or deny all other allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies

the same and demands strict proof thereof.

23. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

24. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

25. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

26. Defendant admits that the Lawsuit was settled by the parties. Defendant denies all other allegations in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant admits that the Lawsuit was settled by the parties.

28. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

29. Defendant's responses to Plaintiff's allegations in all previous Paragraphs are incorporated by reference as if fully set out in this Paragraph.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint, including all subparts thereof, and demands strict proof thereof.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

## ADDITIONAL RESPONSE

32. Except as expressly admitted, qualified, or explained herein, Defendant denies each and every allegation of Plaintiff's Complaint.

## RESERVATION OF RIGHTS

The Defendant reserves all rights under applicable law to assert and allege additional defenses as such defenses may become known during discovery and other proceedings in, or related to, this adversary proceeding, and to withdraw, amend, or modify Defendant's Answer accordingly. The Defendant further reserves the right to withdraw any defense that it determines is no longer applicable during the course of discovery and other proceedings in, or related to, this adversary proceeding. Nothing herein shall be construed to be a waiver of any of Defendant's defenses or claims related to the Complaint or the relief that Plaintiff seeks.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. All or a portion of Plaintiff's claim fails to state a claim upon which relief may be granted for the following reasons:

    a. Plaintiff owns two residences, including the Property, that are governed by the HOA, and both addresses are of record as the Plaintiff's address with the HOA; accordingly, communications sent to those addresses for the Plaintiff cannot violate the FDCPA.

    b. Communications sent to the Plaintiff, as alleged in the Complaint, do not violate any of the asserted provisions of the FDCPA because:

        i. The communications were not sent for the purpose of acquiring the Plaintiff's location and cannot violate 15 U.S.C. §§ 1692b(2) & 1692b(3);

        ii. The communications were sent to the Plaintiff at her addresses of record, and to no one else and cannot violate 15 U.S.C. § 1692c(b);

        iii. The communications were not sent to harass the Plaintiff; they were sent as legal process or as ordered in the Lawsuit and cannot violate 15 U.S.C. § 1692d;

    c. Defendant made no misrepresentation regarding any debt sought to be

collected in the Lawsuit, all debts sought to be collected in the Lawsuit were valid, and any related communications do not violate 15 U.S.C. §§ 1692e(2)(A), 1692e(10), or 1692(f)(1).

    d. Plaintiff is not entitled to claim, as damages, attorneys' fees incurred in her defense of the Lawsuit, which was settled by the parties to that Lawsuit.

  2. Plaintiff has not been damaged as a result of any act or omission of the Defendant.

  3. Plaintiff has not suffered damages in the form or to the extent alleged, and Defendant demands strict proof of all allegations of damages.

  4. Defendant asserts that at all material times, it acted reasonably, in good faith and pursuant to the law and that any violation of the law, which Defendant denies occurred, was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures designed to avoid such errors.

  5. Upon information and belief, Plaintiff failed to mitigate her damages.

WHEREFORE, the Defendant, Whiteford, Taylor & Preston, LLP, prays that Plaintiff's Complaint be dismissed with prejudice and for such other relief as this Court deems just or proper.

          Respectfully submitted,

Dated: April 4, 2024     WHITEFORD, TAYLOR & PRESTON, LLP

          By: /s/ *Nancy Y. Simpson*
          Jennifer J. West (VSB No. 47522)
          M. F. Connell Mullins, Jr. (VSB No. 47213)
          Nancy Y. Simpson (VSB No. 97230)
          Spotts Fain PC
          411 East Franklin Street, Suite 600
          Richmond, Virginia 23219
          Telephone: (804) 697-2000
          Facsimile: (804) 697-2100
          Email: jwest@spottsfain.com
          Email: cmullins@spottsfain.com
          Email: nsimpson@spottsfain.com
          *Counsel for Whiteford, Taylor & Preston, LLP*