IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SARAH E. SPIERS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 3:24-cv-174 (SLS) |
| ) | |
| WHITEFORD TAYLOR & PRESTON, L.L.P., ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**INITIAL PRETRIAL ORDER**

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Pretrial Orders that have been entered in this matter.

**Trial Date**

1. A one-day **Jury Trial** is scheduled to commence at **9:30 a.m.** on **October 30, 2024.** The parties shall appear at **9:00 a.m.** on the trial date to address any pretrial matters should they arise.

**Deadlines**

2. For the purpose of calculating dates under this Initial Pretrial Order, the date of the trial shall not be counted. If any deadline established herein falls on a Saturday, Sunday or federal holiday, the deadline shall be presumed to have expired at 11:59 p.m. on the nearest **preceding business day.**

## Settlement Conferences

3.     The parties are required to schedule a settlement conference before United States Magistrate Judge Mark R. Colombell and such conference shall take place not later than thirty (30) calendar days before trial, consistent with the demands of Judge Colombell's calendar. To ensure that the settlement conference is scheduled in a timely manner, the parties shall contact the chambers of Judge Colombell within five (5) calendar days of entry of this Order to schedule the settlement conference. Trial counsel shall appear at any settlement conference with the party or parties whom they represent and, consistent with the procedures prescribed by Judge Colombell, a party representative must be in attendance who has full settlement authority to resolve the case.

4.     The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable. The Court will place the case on the docket for a status hearing within thirty (30) days of notification. If a fully executed order is received prior to the presentation date, the case will be removed from the docket and counsel need not appear. If such an order is not timely submitted, the action could be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

## Responsive Pleadings or Answers

5.     Any party that has not filed an Answer shall do so within eleven (11) calendar days from the date of this Order. Filing an Answer shall not waive any previously filed motions or properly presented objections to jurisdiction or service of process.

6.     Any motions for joinder of additional parties shall be filed within fifteen (15) calendar days after entry of this Order.

7. Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15. Any such motions filed that do not comply with Rule 15 will be entertained only when justice so requires.

**Rule 26 Disclosures**

8. Not later than one hundred twenty (120) calendar days before trial, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

9. Not later than ninety (90) calendar days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

10. Not later than seventy-five (75) calendar days before trial, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to the above paragraph and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

11. The parties are advised that they may rely upon the testimony of only one expert per discipline, except by order of the Court.

12.     Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, shall be filed not later than sixty (60) calendar days before trial. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

### Completion of Discovery

13.     All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than (70) calendar days before trial, except by order of the Court.

14.     No discovery materials shall be filed with the Clerk except by order of the Court.

15.     If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the responses to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If a discovery dispute arises concerning a raised privilege or the adequacy of the privilege log, the objecting party shall provide a copy of the privilege log to the Court.

16.     Counsel are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer

in good faith to resolve the dispute. "Good faith" means that the parties have spoken, preferably in person, and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence.

17. If, after good faith effort, counsel are unable to resolve a dispute and the resolution of the dispute requires Court intervention, the aggrieved party shall file a Notice of Objection stating the nature of the dispute and citing the rule(s) invoked. The Notice shall certify that the parties have made a good faith effort to resolve the discovery dispute. Within fourteen (14) days of filing the Notice, the parties shall file a Joint Statement in chart form (consistent with the template attached hereto as Attachment A) detailing and itemizing the specific discovery disputes at issue. No other briefing shall be permitted. The Joint Statement shall include each party's respective position with regard to each issue, including the applicable facts, supporting law, the rule involved, and legal analysis. The Joint Statement shall include a specific section regarding the efforts made by the parties to resolve the dispute and the certification under Local Rule 37(E) signed by each counsel that they have met and conferred in good faith to resolve the dispute. Along with filing the Joint Statement, the parties shall jointly contact the Court to inform the Court whether a hearing is requested. Any hearing will be scheduled on an expedited basis, consistent with the demands of the Court's docket. Any discovery-related issues not filed with the Court pursuant to the above procedures and within five days before the discovery cutoff are deemed waived.

## Dispositive Motions

18. All dispositive motions shall be filed not later than sixty (60) calendar days before trial. This deadline shall not change, except by order of the Court. Counsel and the parties are

reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

### Non-Dispositive Motions

19. All non-dispositive motions, including all motions *in limine* and excluding those based on *Daubert* and/or challenging the designation of experts or expert testimony, shall be filed not later than thirty (30) calendar days before trial. The brief in opposition to such non-dispositive motions shall be filed not later than twenty-four (24) calendar days before trial. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than twenty (20) calendar days before trial.

### Hearing on Motions

20. Rule 7(E) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia shall not apply to this action. Any party desiring a hearing on a motion shall file a motion requesting a hearing when the motion is filed. The Court will determine whether a hearing is necessary.

### Proposed Witnesses

21. Each plaintiff shall file a list of proposed witnesses not less than forty (40) calendar days before trial, and each defendant shall designate its witnesses not later than thirty (30) calendar days before trial. Plaintiff(s) shall file a list of any rebuttal witnesses not later than twenty-five (25) calendar days before trial. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

### Proposed Exhibits

22. Each plaintiff shall file a list of proposed exhibits not less than forty (40) calendar days before trial and shall provide a copy of all proposed exhibits to all parties on the date filed.

Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not less than thirty (30) calendar days before trial. The plaintiff shall file a list of any rebuttal exhibits not less than twenty-five (25) days before trial and shall provide a copy of all such proposed exhibits to all parties on the date filed. Any objection to any exhibit shall be noted by appropriate pleading not later than twenty (20) days before trial and any submission shall include a copy of the subject exhibit(s). Any exhibit to which no objection is made shall be admitted without further action. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.

23. Four (4) separate copies, properly identified, of all proposed exhibits shall be submitted to the Court at least seven (7) business days prior to trial. Exhibits shall be arranged in a notebook, with each exhibit marked and individually tabbed. Plaintiff's exhibits shall be numbered and Defendant's exhibits shall be lettered. Each exhibit notebook should contain an index identifying each exhibit by number or letter and a short neutral description.

24. The parties are admonished that no exhibit will be permitted to be published to a jury during the course of trial unless a separate copy of said exhibit is available for each juror or the subject exhibit is of such a size (or enlarged to such a size) as to permit simultaneous examination by the entire jury. If counsel so desires, exhibit notebooks may also be provided for each juror.

25. The courtroom is equipped with screens for the viewing of evidence. Monitors are located on counsel tables, on the bench, and in the jury box. The courtroom has a document viewer that displays documents on the monitors; the parties may use the document viewer. Please visit the following website for complete information on the Court's evidence presentation system and technology: https://www.vaed.uscourts.gov/evidence-presentation-system. The courtroom is

equipped to allow the parties to use personal laptop computers to aid in displaying evidence at trial.  The Court does not provide computers for the use of parties.  Before bringing a computer into the courthouse, counsel should deliver to the Court a letter requesting permission to do so; if appropriate, the letter will be marked as approved by the Court, and counsel should present the letter to the court security officers at the courthouse entrance.  Counsel should confer with the deputy clerk to conduct a test of the courtroom technology before trial.

### Discovery To Be Used As Evidence

26. Each plaintiff shall file a designation not less than forty (40) calendar days before trial specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise not less than thirty (30) calendar days before trial. The plaintiff shall designate any rebuttal discovery not later than twenty-five (25) days before trial.  Any objection to the introduction of any discovery material shall be noted by appropriate pleading which shall be filed no later than twenty (20) days prior trial or the objection shall be deemed waived.  This paragraph does not apply to discovery materials that will be used at trial solely for use in cross examination and/or for impeachment purposes.

### Written Stipulations

27. Not later than forty (40) calendar days before trial, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts.  Written stipulations shall be signed by each counsel and filed with the Clerk not later than thirty (30) calendar days before trial.

### Jury Instructions

28. If this matter is to be tried by a jury, counsel for all parties shall _jointly_ file electronically any requested jury instructions, including all requested standard instructions and a

proposed jury verdict form, not less than ten (10) calendar days before trial. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction. The submission shall be organized as follows. First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.). Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects. Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects. Counsel shall also provide a copy of the requested jury instructions in WORD format via e-mail to Chambers.

29. Not more than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

30. Not more than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

**Voir Dire**

31. Any proposed jury voir dire to be requested by any party shall be filed at least seven (7) calendar days before trial. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during voir dire. Any objections to voir dire questions shall be filed three (3) days before trial.

**Bench Trial**

32. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than fourteen (14) calendar days before trial. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in WORD format via e-mail to Chambers.

**Final Pretrial Conference**

33. A Final Pretrial Conference will be held on **October 18, 2024,** at **2:00 p.m.** Not later than seven (7) days before the Final Pretrial Conference, the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

34. No witness, exhibit, or discovery material not included in the Final Pretrial Order will be permitted to testify or be admitted at trial, except as to non-expert witnesses, exhibits or discovery material offered solely as rebuttal evidence or for impeachment.

35. It shall be the responsibility of counsel for plaintiff(s) to assemble and distribute to all other counsel a draft of the Final Pretrial Order in sufficient time to allow completion and filing before the Final Pretrial Conference. Counsel shall resolve disagreements on the content of the Final Pretrial Order and shall present a clean final version thereof not later than seven (7) days before the Final Pretrial Conference.

**Pretrial Briefs**

36. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than five (5) calendar days before trial.

**Court Reporters**

37. Any party desiring to have proceedings transcribed by a court reporter in addition to the audio-digital recordation by the Court shall contact the undersigned's courtroom deputy, no later than ten (10) calendar days before the proceeding, to arrange for the use of one of the Court's official court reporters. The parties shall also notify the Court at the Final Pretrial Conference if they intend to make such arrangements, so that appropriate electronic means can be made available.

38. *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters, which can be sent via email to lisa_sthilaire@vaed.uscourts.gov. All other requests and communications should be made via filings on the public docket.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

/s/
Summer L. Speight
United States Magistrate Judge

Richmond, Virginia
Date: May 21, 2024